**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 3:25-00106

DARREL LEE WELLS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States of America's Motion to Preclude Introduction of

Portions of Victim's Deposition Testimony (ECF No. 61, Gov't's Mot.). For the reasons stated

below, the Court **GRANTS** the Motion.

**BACKGROUND**

According to the Government, Defendant Darrel Lee Wells and his wife hosted a

seventeen-year-old girl ("Minor Female 1") when she came to the United States as a foreign-

exchange student. *See* ECF No. 40, at 1. The Government alleges Defendant placed hidden

cameras in a bathroom and bedroom to capture nude images of Minor Female 1. *See id.* at 1–3. A

federal grand jury indicted Defendant. *See* ECF No. 29.

In a Motion, the Government said "[D]efendant intend[ed] to introduce evidence of Minor

Female 1 voluntarily taking and sending nude images to her boyfriends to argue that Minor Female

1, and not defendant, was the one who installed the hidden cameras in order to obtain nude images

of herself." ECF No. 40, at 4. The Government asked the Court to exclude such evidence. *See id.*

The Court granted the Motion. *See* ECF No. 55, at 1–2.

In addition, the Government filed a Notice indicating Minor Female 1 would be unavailable

to testify at trial because she lives in Brazil and is unwilling to come to the United States. *See* ECF

No. 41, at 3. The Government said it instead "intend[ed] to introduce portions of Minor Female 1's" deposition from a civil case she filed against Defendant. *Id.* at 1. Defendant moved to compel Minor Female 1 to testify in person. *See* ECF No. 45, at 8. The Court denied Defendant's Motion. *See* ECF No. 55, at 1.

Now, the Government has moved to "exclude portions of [Minor Female 1's] deposition testimony . . . ." Def.'s Mot. 1. During her deposition, Minor Female 1 testified she was suffering from depression and anxiety when she was living with Defendant and his wife. ECF No. 62, Ex. 1, Dep. 24–25, 101–03, 261–62. She also said she had a schizophrenic episode a few months before the deposition and was taking medication for schizophrenia. *Id.* at 22, 30–31, 261. Finally, she admitted to taking nude pictures of herself on her cell phone while living with Defendant and his wife. *See id.* at 234, 236, 285.

Defendant opposes the Government's Motion. *See generally* ECF No. 67, Def.'s Resp. In his Response to the Motion, Defendant asks the Court for "permission to call a forensic psychologist or forensic psychiatrist to analyze [Minor Female 1's] mental health history and testify regarding its effect on her testimonial reliability." *Id.* at 10.

## LEGAL STANDARD

### A. Evidence of Mental Health Condition

Even if evidence is relevant, a court may exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 403 prohibits a party from asking about a witness's mental-health condition on cross-examination unless (1) the witness was suffering from the condition "at a time probatively related

to the time period about which he was attempting to testify," *United States v. Lopez*, 611 F.2d 44, 46 (4th Cir. 1979) (quoting *United States v. Honneus*, 508 F.2d 566, 573 (1st Cir. 1974)), (2) the condition speaks to "the witness['s] qualification to testify and ability to recall," *id.*, and (3) the questioning will not "introduce into the case a collateral issue which would confuse the jury and which would necessitate allowing the Government to introduce testimony explaining the matter," *id.* (quoting *United States v. Mucherino*, 311 F.2d 172, 174 (4th Cir. 1962)). In deciding whether to allow such cross-examination, a court may "weigh the potential unfairness of a free wheeling inquiry intended to stigmatize the witness against whatever materiality the evidence might have." *Id.* (quoting *Honneus*, 508 F.2d at 573). Where the witness's mental-health history is "of minimal probative value," cross-examination about that history "is manifestly unfair and unnecessarily demeaning of the witness." *Id.* at 45

## B.  Evidence of "Other Sexual Behavior"

Generally, "evidence offered to prove that a victim engaged in other sexual behavior" is inadmissible in a "criminal proceeding involving alleged sexual misconduct . . . ." Fed. R. Evid. 412(a)(1). But such evidence is admissible if its "exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). One such right is the "meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)).

## ANALYSIS

The Court first discusses the testimony related to Minor Female 1's mental-health history. It then considers Minor Female 1's admission that she took nude photographs of herself. The Court declines to take up Defendant's request about expert testimony on mental health. If Defendant

-3-

wanted the Court to opine on that issue before trial, it should have filed a separate motion to that effect.

## A. Testimony About Mental Health

Minor Female 1 testified she was suffering from depression and anxiety when living with the Wells and suffering from schizophrenia at the time of the deposition. The Court addresses each condition in turn.

### a. Testimony About Depression and Anxiety

The Government argues Minor Female 1's depression and anxiety "provide no basis to question her ability to perceive and recall the events of the case accurately." Gov't's Mot. 3. The Court disagrees. That depression and anxiety can impair perception and memory is well documented. *See, e.g.*, Ali H. Kizilbash et al., *The Effects of Depression and Anxiety on Memory Performance*, 17 Archives Clinical Neuropsychology 57 (2002); Oliver J. Robinson et al., *The Impact of Anxiety upon Cognition: Perspectives from Human Threat of Shock Studies*, in 7 Frontiers in Neuroscience (2013).

Still, the probative value of Minor Female 1's testimony is extremely limited. During trial, Defendant will try to argue "that [Minor Female 1] placed the recording device[s], was aware of the camera[s], and took the images herself." Def.'s Resp. 4. Minor Female 1's mental-health condition only supports this theory if it may have caused her to forget that she installed the cameras. This is farfetched. Defendant has not cited any research indicating depression and anxiety can cause such substantial memory loss. Nor does the evidence suggest Minor Female 1's condition was so severe that it may have caused unusual and extreme symptoms.[1]

---

[1] Defendant claims Minor Female 1 "described her anxiety as severe . . . ." Def.'s Resp. 8. He cites her statement that she "would wake up every day like out of nowhere in the middle of the night to throw up out of anxiety." *Id.* (quoting Dep. 31). Defendant misreads Minor Female 1's testimony. Minor Female 1 was describing her anxiety at the time she started working with her current therapist, not her anxiety when she was living in the United States. *See* Dep. 26,

Since Minor Female 1's testimony about her depression and anxiety is "of minimal probative value," it would be "unnecessarily demeaning" to share that testimony with the jury. The Court will exclude the testimony under Rule 403.

### b. Testimony About Schizophrenia

When Minor Female 1 gave her deposition, she had been taking injected medication for schizophrenia. *See* Dep. 22. According to Defendant, such medication "carr[ies] well-documented cognitive side effects including episodic impairment and processing defects." Def.'s Resp. 9. Defendant did not cite any literature in support of this claim, and the Court has been unable to find any. If anything, injected schizophrenia medication seems to *improve* memory. *See* Petru Fabian Lungu et al., *The Effect of Antipsychotics on Cognition in Schizophrenia—A Current Narrative Review*, 14 Brain Scis. 359 (2024). Accordingly, the medication does not relate to Minor Female 1's "qualification to testify and ability to recall." The Court will exclude Minor Female 1's testimony about schizophrenia and her treatment for it.

## B. Testimony About Photos

The Government argues Federal Rule of Evidence 412 bars Minor Female 1's testimony that she took nude photographs of herself when she was living with Defendant. *See* Gov't's Mot. 5. Defendant argues Rule 412 does not apply because Minor Female 1's photography is not "sexual behavior" for the purposes of 412. *See* Def.'s Resp. 3. Alternatively, Defendant argues excluding the testimony under Rule 412 would violate his constitutional right to "present a complete defense." *Id.* at 4 (quoting *Crane*, 476 U.S. at 690).

Defendant's first argument is without merit. He claims "sexual behavior" only refers to "acts involving . . . sexual contact with another person or voluntary exposure of [one]self for

29, 31–32.

external recipients . . . ." *Id.* at 3 (emphasis in original omitted). But nothing he cites in his response supports this proposition. Also, Rule 412's Advisory Committee Notes explain that "sexual behavior" "should be construed to include activities of the mind, such as fantasies or dreams." Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments. If "sexual behavior" includes "activities of the mind," it is not limited to contact or communication with others.

Nor does the Constitution require the Court to admit Minor Female 1's testimony. "The right to present relevant testimony is not without limitation. The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (quoting *Rock v. Arkansas*, 483 U.S. 44, 55 (1987)). Courts have "construed the Rule 412(b)(1)(C) constitutional exception narrowly." *United States v. Brandon*, 64 F.4th 1009, 1017 (8th Cir. 2023). "[E]vidence of a victim's other sexual behavior is properly excluded when that evidence is not highly probative of a material issue and would subject the victim to embarrassment, undermine the victim's credibility, or risk confusing the jury." *Id.*

In *United States v. Walker*, the defendant was charged with violating 18 U.S.C. § 2251(a) after he exchanged sexual messages and images with a minor. *See* 917 F.3d 1004, 1007 (8th Cir. 2019). To secure a conviction, the Government needed to prove the defendant had "induce[d]" the victim to engage in sexual conduct. *See id.*; 18 U.S.C. § 2251(a). The defendant hoped to introduce evidence that the victim had sexual conversations with other men. *See Walker*, 917 F.3d at 1008. The defendant believed this evidence suggested it was the victim, not the defendant, who initiated the communications. *See id.* at 1009. The trial court excluded the evidence. *See id.* at 1008. On appeal, the defendant argued the exclusion violated his right "to introduce evidence in his own defense." *Id.* at 1009 (internal quotation marks omitted). The Eight Circuit rejected this argument, concluding "the exclusion of the evidence was not 'arbitrary or disproportionate to the purposes

that its exclusion was designed to serve.'" *Id.* (quoting *United States v. Pumpkin Seed*, 572 F.3d 552, 558 (8th Cir. 2009)).

Here, Minor Female 1's testimony is even less probative than the evidence at issue in *Walker*. It makes it only slightly more likely that Minor Female 1 set up the cameras Defendant is accused of installing. Meanwhile, admitting the testimony would invade Minor Female 1's privacy. *See* Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments ("[Rule 412] aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping associated with public disclosure of intimate sexual details."). It could also discourage victims of sexual crimes from reporting what happened to them. *See United States v. Ogden*, 685 F.3d 600, 606 (6th Cir. 2012) (explaining Rule 412 "encourages victims of sexual abuse to report their abusers by protecting the victims' privacy"). Since Minor Female 1's testimony "is not highly probative" and "would subject the [alleged] victim to embarrassment," the Court will exclude it.

## CONCLUSION

The Court **GRANTS** the United States of America's Motion to Preclude Introduction of Portions of Victim's Deposition Testimony (ECF No. 61). The Court **ORDERS** Defendant not to introduce portions of Minor Female 1's deposition testimony which discuss (1) Minor Female 1's mental-health conditions and history or (2) Minor Female 1 taking sexually explicit photos of herself.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service.

-8-

ENTER:        August 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE